_____

No. 23-1069

_____

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**UNITED STATES OF AMERICA,**

Plaintiff-Appellant,
v

**GENE POLK,**

Defendant-Appellee.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
No. 2:92-cr-81127
Hon. David M. Lawson

_____

**APPELLEE'S BRIEF**

John Minock
Cramer & Minock, PLC
Attorney for Defendant-Appellant
339 E. Liberty, Suite 200
Ann Arbor, MI 48104
jminock@cramerminock.com
(734) 668-2200

# TABLE OF CONTENTS

**INDEX OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

**REQUEST FOR ORAL ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**ISSUES PRESENTED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATEMENT OF THE CASE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**SUMMARY OF ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**ARGUMENT**

     **I.**    **POLK IS ELIGIBLE FOR RELIEF UNDER SECTION 404(b) OF THE FIRST STEP ACT** . . . . . . . . . . . . . 12

     **II.**   **THE GOVERNMENT WAIVED OR FORFEITED ITS ARGUMENT ABOUT POLK'S ELIGIBILITY UNDER THE SENTENCING PACKAGE THEORY** . . . . . . . . 13

     **III.**  **THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY REDUCING POLK'S CONSECUTIVE SENTENCES TO SEVENTY YEARS**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

**CERTIFICATE OF COMPLIANCE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

**CERTIFICATE OF SERVICE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

**DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS** . . . . 23

# INDEX OF AUTHORITIES

## CASES

*Alleyne v. United States,* 133 S.Ct. 2151 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Apprendi v. New Jersey*, 530 U.S. 466 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*Concepcion v. United States*, 597 U.S. 481 (2022) . . . . . . . . . . . . . . . . . . 6, 14, 15

*Dean v. United States*, 581 U.S. 62 (2017) . . . . . . . . . . . . . . . . . . . . . . . . 4, 15, 16

*Pepper v. United States*, 562 U.S. 476 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Boulding*, 960 F.3d 774 (6th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Booker*; 543 U.S. 220 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*United States v. Flowers*, 963 F.3d 492 (6th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Hudson*, 967 F.3d 605 (7th Cir.  2020) . . . . . . . . . . . . . . . . . . .  12.

*United States v. Maxwell*, 991 F.3d 685 (6th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Williams*, 972 F.3d 815 (6th Cir. 2020)
  (citing *United States v. Beamus*, 943 F.3d 789 (6th Cir. 2019) . . . . . . . . . . . . 14

## STATUTES AND COURT RULES

18 USC 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 USC 924(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 USC 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 14, 15

21 USC 841(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

21 USC 846. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

21 USC 848(e)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5

28 USC 2255 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Federal Rule of Appellate Procedure 28(i) . . . . . . . . . . . . . . . . . . . . . 12, 13

First Step Act, Pub. L. 115-391, Dec. 21, 2018,
    132 Stat 5194 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

## STATEMENT REQUESTING ORAL ARGUMENT

Defendant-Appellee requests oral argument in this appeal.  FRAP 34(a)(2)(c).

This appeal poses three issues, one of which is of first impression in this Circuit,

whether district courts may reduce sentences imposed for covered and non-covered

offenses under § 404 of the First Step Act of 2018.  The second issue is whether the

government procedurally defaulted arguments concerning Polk's eligibility for relief

under the Act.  The third issue involves the district court's application of the statutory

sentencing factors to this case.

Oral argument should be granted because it will ensure a full and fair

adjudication of the questions presented.  6th Cir. R. 34 (g)(l).

## ISSUES PRESENTED

I.    IS POLK ELIGIBLE FOR RELIEF UNDER SECTION 404(b) OF THE FIRST STEP ACT?

II.   DID THE GOVERNMENT WAIVE OR FORFEIT ITS ARGUMENT ABOUT POLK'S ELIGIBILITY UNDER THE SENTENCING PACKAGE THEORY?

III.  DID THE DISTRICT COURT ABUSE ITS DISCRETION BY REDUCING POLK'S CONSECUTIVE SENTENCES TO SEVENTY YEARS?

**INTRODUCTION**

The threshold eligibility requirement for a § 404 reduction is a conviction for a "covered offense."  Polk's Count One crack cocaine conspiracy conviction clearly qualifies.  Polk maintains his convictions for three counts of intentional killing in furtherance of a continuing criminal enterprise, 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2, were  also eligible for resentencing under the text of § 404 and the "sentencing-package theory" recognized by the government.

The government argues Polk's case does not satisfy the sentencing-package theory, and therefore his homicide sentences were not eligible for reduction.  Polk maintains both that this claim is erroneous and also that the government waived or forfeited its ability to challenge his eligibility under this theory.

Polk also maintains, contrary to the government argument, that the district court did not abuse its discretion in reducing his eligible sentences.

## STATEMENT OF THE CASE

Defendant-Appellee Gene Polk was Defendant number 34 of 44 defendants charged in an almost ten year long crack conspiracy case in Detroit which existed from about 1986 to 1995. The Second Superseding Indictment, R. 882, Page ID 10277- 10291, charged 17 defendants including Polk.

Polk was convicted by jury of conspiracy to possess with intent to distribute cocaine base, 21 USC 846, Count One; three counts of intentional killing in furtherance of a continuing criminal enterprise, 21 USC 848(e)(1)(A) and 18 USC 2, Counts Four, Six, and Eight; and three counts of use of a firearm in relation to a drug trafficking crime, 18 USC 924(c), Counts Five, Seven, and Nine.

On March 27, 1996, Polk was sentenced to concurrent life sentences on Counts One, Four, Six, and Eight; five years consecutive for Count Five; and twenty years consecutive each on Counts Seven and Nine, for a total of life plus forty-five years consecutive. R. 1581, Sentencing Transcript, Page ID 6896; Judgment, R. 1331.

In instructing the jury and sentencing Polk in this case, the court did not have the benefit of the Supreme Court's decisions in  *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Booker;* 543 U.S. 220 (2005), *Alleyne v. United States*, 133 S.Ct. 2151 (2013); and *Dean v. United States*, 581 U.S. 62 (2017). As a result, the jury never determined the type and quantity of the drugs that Polk was responsible

4

for, and the Court did not have the discretion to sentence him to less than life imprisonment (without a guidelines based reason for a downward departure). Polk's life sentences were not mandated by statute, but by the fact that the sentencing guidelines were mandatory when he was sentenced.

The CCE statute provided a penalty of 20 years to life, which has not changed. 21 USC 848(e)(1)(A). The then mandatory sentencing guidelines yielded a sentence range of life. Regarding the concurrent life sentence for the crack cocaine conspiracy, the court did not make a specific finding regarding the amount of cocaine attributable to Polk. R. 1581, Sentencing Transcript, pp. 4-7, Page ID 6893 - 6896. However, the PSR reported that Polk was responsible for over 1.5 kilograms of cocaine base. PSR ¶ 26. The drug guideline cross referenced the guideline for first degree murder, which yielded a mandatory guideline life sentence on Count One also. PSR ¶ 31.

The First Step Act, Pub. L. 115-391, Dec. 21, 2018, 132 Stat 5194, went into effect on December 21, 2018. On May 10, 2019, Polk filed a Motion for Reduced Sentence pursuant to the Act. R. 2366, Motion, Page ID 17472 - 17484. The government did not file a response.

The district court granted the motion in an Opinion and Order issued July 7, 2022, finding that Polk and the other Appellees were eligible for resentencing under the Act. R. 2541, Opinion and Order, Page ID 20518-20519; 20528-20538. The

court noted that once it is found that a defendant was convicted of a covered offense, *United States v. Maxwell*, 991 F.3d 685, 691-92 (6th Cir. 2021), permits (though does not require) plenary resentencing. The court found Polk was eligible because he was convicted of a "covered offense," namely the cocaine conspiracy, and was sentenced under 21 USC 841(b)(1)(A), for which the Fair Sentencing Act modified the penalties. *Id*. at Page ID 20531, citing *United States v. Boulding*, 960 F.3d 774, 778-781 (6th Cir. 2020).

The court went on to enumerate the factors it could consider at resentencing under *Concepcion v. United States*, 597 U.S. 481 (2022), including the potential impact of *Apprendi*, *supra*. R. 2541, Page ID 20533. The court also noted that the guidelines range was no longer mandatory, *Booker*, *supra*; *Id*. at Page ID 20534, and the sentencing goals of 18 USC 3553(a) could be considered. *Id*. at Page ID 20534-20535, citing cases. The court noted that *Pepper v. United States*, 562 U.S. 476, 491 (2011) permitted the court to also consider evidence of post offense rehabilitation. *Id*. at Page ID 20535.

Rather than granting immediate relief, due to the long passage of time since the defendants had been sentenced the court ordered the Probation Department to furnish an updated report as to each defendant. *Id*. at Page ID 20538. The Probation Department provided a memorandum dated November 21, 2022, regarding Polk, and

6

Polk filed a Sentencing Memo. R. 2578, Defendant's Sentencing Memorandum, Page ID 20989 - 20990.

Resentencing was held on December 20, 2022. R. 2586, Resentencing Transcript Page ID 21050-21085. The government Filed a Sentence Modification Memorandum as to all four Appellees on November 23, 2022. R. 2568, Page ID 20652-20729. In the Memo, for the first time the government argued that the homicide offenses were not eligible for resentencing, and that the sentencing package doctrine did not apply to any of the four defendants, including Polk. *Id*.

The resentencings of John Gordon and Edward Dale were held on December 1, 2022. At Gordon's resentencing, the court found that the government had forfeited the argument that the homicide offenses were not eligible for resentencing, because that claim was raised for the first time in the Sentencing Modification Memo. R. 2572, Gordon Resentencing Transcript, Page ID 20850-20853; 20868-69. The district court also found that even if the issue was not forfeited, it stood by its ruling as to why both the covered and non-covered offenses were before the court for resentencing. *Id*. at Page ID 20869.

At Dale's resentencing, also held December 1, 2022, the government started to reiterate its position regarding eligibility for the non-covered offenses, and the court stated that its position from the Gordon hearing could be incorporated into the

7

Dale record. R. 2571, Dale Resentencing Transcript, Page ID 20813; 20836-37. Counsel for the government argued that the government had not been ordered to respond to the argument, to which the court replied there was no rule requiring the government to wait for an order to respond, as is the case for 28 USC 2255 petitions. *Id*. at Page ID 20814-20816.

At Polk's resentencing, the government requested to incorporate what was said at Gordon's resentencing regarding forfeiture of the eligibility argument, and the undersigned Polk agreed that the record from both Gordon's and Dale's resentencings regarding forfeiture could be incorporated. R. 2586, Polk Resentencing Transcript, Page ID 21054; 21066. After the lawyers made presentations, Polk addressed the court and expressed his heartfelt remorse. *Id*. at Page ID 20172-79. Polk had also written a letter to the court expressing his remorse, which was submitted with his Sentencing Memorandum. Letter, R. 2581, Page ID 21021.

The court reviewed the sentencing factors and Polk's background and modified Polk's sentences and reduced them, from life to twenty years on Count One, the drug conspiracy, and from life to twenty-five years on the homicide counts (five years longer than the mandatory minimum), all concurrent. R. 2585, Amended Judgment, Page ID 21045 - 20149; R. 2586, Polk Resentencing Transcript, Page ID 21080 - 21083. However, the three consecutive sentences for use of a firearm in furtherance

8

of drug-trafficking or crime of violence, 18 U.S.C. § 924(c), totaling forty-five years consecutive, remained in place. *Id*. Thus Polk's sentence is effectively seventy years, the longest of anyone in this huge case.

Polk is now a fifty-four year old man. He has been in custody in United States Penitentiaries for almost twenty-nine years, more than half his life, difficult places to do time, particularly for an older man. According to the Bureau of Prisons, his release date is December 9, 2054, a few weeks short of him turning eighty-five.

## SUMMARY OF ARGUMENT

The district court did not commit legal error when it reduced Polk's life sentence.  Section 404 of the First Step Act provides a mechanism to modify the sentences of those convicted of "covered offense [s]."  The parties agree Polk's drug conspiracy conviction is a covered offense.  Polk was also convicted of non-covered offenses,the three CCE homicide counts and the three § 924(c) gun counts.  The homicide counts, though non-covered, were eligible for relief.

The text of the First Step Act contains only two limitations on a district court's authority to grant relief once it determines a "covered offense" is involved, and neither limitation applies here.  Congress did not limit the authority of district courts to modify sentences imposed for both covered and non-covered offenses.  This Court should not engraft extra-textual categorical exclusions onto the statute.

In addition, the government waived or forfeited its challenges to the application of the sentencing package doctrine in Polk's case.

Finally, the district court did not abuse its considerable discretion in reducing Polk's sentence.  It analyzed the facts and circumstances of Polk's case with reference to the statutory sentencing factors and weighed those considerations properly.  The government's disagreement with the outcome does not mean the modified sentence flowed from an abuse of discretion.

The district court did not commit legal error In finding Polk eligible for a sentence reduction.  And the district court did not abuse its discretion when imposing Polk's modified sentence.

## I.    POLK IS ELIGIBLE FOR RELIEF UNDER SECTION 404(b) OF THE FIRST STEP ACT.

Under Federal Rule of Appellate Procedure 28(i), Appellee adopts by reference Part I of Gregory Brown's Brief on Appeal.

Regarding Part I (C) of Brown's Brief, Polk acknowledges that his homicide counts of conviction were not grouped in his PSR as were Brown's convictions in his PSR.  Polk maintains that nonetheless sentences for uncovered convictions are eligible for resentencing as part of a "sentencing package," even if the uncovered convictions were not grouped with covered ones.  *United States v. Hudson*, 967 F.3d 605, 610 (7th Cir.  2020).

## II.    THE GOVERNMENT WAIVED OR FORFEITED ITS ARGUMENT ABOUT POLK'S ELIGIBILITY UNDER THE SENTENCING PACKAGE THEORY.

Under Federal Rule of Appellate Procedure 28(i), Appellee adopts by reference Part II(A) and (C) of Gregory Brown's Brief on Appeal.

Regarding Part II (C), Polk acknowledges that his homicide convictions were not grouped in the PSR with his cocaine conspiracy conviction, while Brown's convictions were grouped.

That distinction makes no difference here.  The district court found as to all four Appellees, including Polk, that the lateness of the government objection to application of the sentencing package theory regarding the eligibility of the homicide counts constituted at least a forfeiture, if not a waiver, of the argument.  R. 2586, Polk Resentencing Transcript, Page ID 21054; 21066.

### III.  THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY REDUCING POLK'S CONSECUTIVE SENTENCES TO SEVENTY YEARS.

The district court did not abuse its discretion in reducing Polk's crack cocaine life sentence to twenty years, and his homicide life sentences to twenty-five years, lower than the guidelines range of life, but five years more than the minimum.  The court thoroughly reviewed the sentencing factors in 18 USC 3553(a) and Polk's background.  The government's disagreement with the sentences does not convert the use of the court's judgment into an abuse of discretion.

#### A.  Standard of Review

In § 404 cases, district courts "must consider the factors outlined in 18 U.S.C. 3553(a), including the defendant's amended guidelines range."  *United States v. Flowers*, 963 F.3d 492, 498 (6th Cir. 2020).  Courts must also consider intervening changes of law and fact when raised by a party.  *Concepcion*, *supra*, 597 U.S. at 500. The parsimony principle is at work here: sentences imposed in sentence-modification proceedings must be "sufficient but not greater than necessary to achieve the purposes of sentencing."  *Flowers*, 963 F.3d at 498.

On appeal, this Court reviews challenges to the procedural or substantive reasonableness of modified sentences for an abuse of discretion.  *United States v.*

14

*Williams*, 972 F.3d 815, 816 (6th Cir. 2020) (citing *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019) (per curiam)).

The Supreme Court recently addressed the standard of appellate review in First Step Act cases and held that sentencing courts have broad discretion and that it is not the role of an appellate court to substitute its judgment for the sentencing court. *Concepcion*, *supra*, 597 U.S. at 501.

> **B.     The District Court Correctly Identified the Applicable Penalties, the Recalculated Guidelines Range, and Acknowledged the Intervening Changes in Sentencing Law.**

The district court correctly recognized that Polk's guidelines remained at life. R. 2586, Polk Resentencing Transcript, Page ID 21053.  Of course, the original sentencing judge had no discretion in what sentence to impose and never had to consider mitigation arguments, because the sentences were mandatory.

At resentencing, the district court also had to consider the sentencing factors of 18 USC 3553(a), including Polk's mandatory minimum penalties, 10 years on the crack cocaine conspiracy (despite no finding by judge or jury of amount), plus 20 years on the three homicide counts, and a combined 45 years on the three 924(c) counts.

The court took into consideration the lengthy mandatory consecutive sentences

Polk still faced on the 924(c) counts, which is clearly permissible under *Dean*, *supra*. R. 2586, Polk Resentencing Transcript, Page ID 21081. In *Dean*, the Supreme Court held that when sentencing a defendant on mandatory consecutive sentences under 924(c), a sentencing court can take into consideration the mandatory minimums imposed under that provision when calculating an appropriate sentence for the predicate offense. 582 U.S. at 1175 - 1178. The court clearly had the discretion to impose lower sentences on the eligible counts taking into consideration that Polk was facing mandatory minimums of forty-five years on the gun counts, which is exactly what the court did.

## C. **Polk's History and Characteristics**

The following information about Polk's background is drawn from Polk's Presentence Report, ¶¶ 85-92, his allocution at resentencing, R. 2586, Polk Resentencing Transcript, Page ID 21072 - 21079, his letter to the court, R. 2581, Letter, Page ID 21021, and his Sentencing Memorandum, R. 2578, Page ID 20988-20997.

Polk was born in Detroit in January, 1970, to Juanita Irene Polk and James Oliver Polk. PSR ¶¶ 85-86. He had two brothers, one who died in 2011, and two sisters. *Id*. His parents separated and divorced when he was about four years old. Their separation was very upsetting to him as a child. R. 2586, Polk Resentencing

16

Transcript, Page ID 21072 - 21075.  On reflection now he realizes he was angry about his parents' separation and became rebellious as he got older.  He reports that he was happy as a child, even though the family was very poor - at times they did not have enough to eat.  *Id*.

Polk bounced back and forth, living with one parent and then the other several times, which did not make for consistency.  *Id*.  He found it very hard not being together with the whole family.  When he dropped out of Osborn High School in Detroit at age fifteen, he was living alone with his father, while his siblings lived with their mother.

Polk had known Charles Wilkes since they were ten years old.  R. 2578, Defendant's Sentencing Memorandum, Page ID 20988; 30991.  After he dropped out of school, he started hanging out with Wilkes, one of the leaders of the Best Friends, who introduced him into the gang.  *Id*.  Wilkes and other gang members had money and material things, and that unfortunately impressed Polk.  The gang offered him things he never had as a child.  He was a follower and "looked up to the wrong people."  He acknowledged that he was "not raised that way" by his parents, acknowledges "they tried," but he "allowed the streets to be his parents" from age fourteen on.  He consumed alcohol and marijuana heavily on a daily basis while in the gang.  *Id*.  But by the time of his arrest, he had started to straighten out and had

17

been working over a year at a steady job as a butcher at a supermarket in Detroit.

Imprisonment for almost three decades had a profound impact upon Polk. He described his rehabilitation as something which took years to develop, first coming to terms with the enormity of what he had done and how much pain it had caused others, the families of his victims as well as his own family. Letter to court, R. 2581, Page ID 21021. His feelings of guilt and remorse were observably intense. He has not yet found a way to forgive himself.

During his incarceration, he has been housed in United States Penitentiaries, where violence is always a danger, and programming much scarcer than in other penal institutions. And some USP's are worse than others.

Polk has spent a lot of time in the law libraries at his institutions, which are generally only open in daytime hours and which limited his BOP programming. *Id*. He wanted to learn and try to find any issues in his case. He has filed a number of different motions and petitions, trying to raise an issue that the jury in his trial was not properly instructed regarding the continuing criminal enterprise offense. His motions were unsuccessful, but the undersigned has reviewed them, and they were creative and arguable, not frivolous. He declined to take a lengthy education class to study for a GED, because he did not want to give up law library time, which is where he educated himself instead. And he declined work assignments which

coincided with and would have limited his law library hours.

The quality of the writing in Polk's letter to the court, R. 2581, Page ID 21021, reveals how well Polk has educated himself. And it includes clear expressions of remorse and how much he has changed since his youth. Mr. Polk will also take advantage of the opportunity for allocution and will address the Court in person at resentencing.

When Polk committed his offenses, he was twenty-one years old, and had been in an alcohol and cannabis haze for over six years. Sentencing Memorand, R. 2578, Page ID 20992. His hope is to be able one day to reach out to youth in his community and tell them that the gang lifestyle is awful and to be avoided, not emulated.

### D.  Polk's BOP Record

The government characterizes Polk's prison record as atrocious and violent. That is an overstatement. Summary BOP records of Polk were filed as an exhibit in district court. R. 2568-5, Polk BOP Records, Page ID 20716-29. The records are not easy to decipher. Many entries lack details about the precise conduct at issue.

The violations are divided by BOP into tiers according to seriousness. Tier 100 violations are the most serious, Tier 200 violations are less  so, and Tier 300 violations are minor. The vast majority of his violations, over 30, are for Tier 300 offenses, such as failure to follow an order;  five are for Tier 200 offenses, including

two fights; four are for Tier 100 offenses for possession of shanks; and two are Tier 100 violations for possession of nicotine products.

Since December, 1997, Polk has been incarcerated at seven different United States Penitentiaries, which house the most dangerous prisoners with the longest sentences. He arrived at BOP in the spring of 1996, and had three minor violations in 1997, and then none for six and a half years. Then he was the victim of an attempted rape by two prisoners armed with shanks at Coleman USP. Polk is small in stature and consequently a potential victim. After that, he got a shank for self protection and was caught with it in 2004.

Polk was later housed at USP Lee for seventeen months in 2006-2007. He was placed in the Special Housing Unit for his own protection at his request, because another prisoner who was transferred there wanted to murder him. He spent most of his time at Lee in the SHU, and in seventeen months there received 20 violations, all related to his refusal to leave the SHU because of the danger to him. That placement alone accounted for half of his violations over a 28 year period.

Polk had two Tier 100 violations for possession of drugs or alcohol, one in 2018 and another in 2021, which were actually for possession of prohibited tobacco products. Polk is a former smoker, and smoking is prohibited. Inmates like Polk who have had nicotine habits sift through trash to find tobacco items discarded by prison

staff, such as nicotine patches and other tobacco items, which get classified as drugs.

Most seriously, Polk has been cited for possession of shanks four times, in 2004, 2011, 2018, and 2021.  He did not possess any weapons for the first eight years of his incarceration.  Polk is quiet, introverted, and keeps to himself.

Around 2007, Polk was transferred to Pollock USP, perhaps the most violent BOP facility, where inmate on inmate homicides are common.  He was there for eleven years, and was cited for possession of shanks twice.  It's a notoriously dangerous place.  In a June, 2018 letter to the BOP Director and the Attorney General, two Louisiana Senators and two Louisiana House members wrote regarding cutbacks to BOP staffing and said:

> **USP Pollock is the one of the most dangerous facilities in the nation**, and there have been many acts of violence involving inmates, including against staff.[1]  (Emphasis added.)

While disparity in sentencing is generally viewed under 3553a(6) on the national level, it can also be a consideration within a particular case, especially like this one with forty-four original Defendants.  Almost all the Best Friends members who were convicted are no longer in custody, including those convicted of multiple

---

[1] Available at: https://www.cassidy.senate.gov/newsroom/press-releases/cassidy-kennedy-abraham-johnson-urge-trump-administration-to-increase-staff-at-federal-prison-facilities-in-louisiana-

homicides. And of course, there is Stacey Culbert, whose four life sentences were reduced to 27 years and whose supervised release was terminated early, despite responsibility for thirteen homicides, including a three year old.

## CONCLUSION

Polk is eligible for relief under the text of the First Step Act § 404(b) and the sentencing package theory advocated by DOJ. The government waived or forfeited its challenge to the application of the sentencing package doctrine to Polk's case. In addition, the district court did not abuse its sentencing discretion in reducing Polk's sentences. This Court should affirm.

Dated: February 7, 2024        s/John Minock
                                   Attorney for Defendant-Appellant

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)(7(B)

I certify that, according to a word count computed by the word processing program on which this Brief was produced, this Brief contains 3,975 words.

                                   s/John Minock
                                   Attorney for Defendant-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

Dated: February 7, 2024        s/John Minock
                                   Attorney for Defendant-Appellant

# DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Mr. Polk designates as relevant the following documents in the district court's electronic record, Eastern District of Michigan case number 92-cr-81127:

| Record Number | Documents Description | Page ID Range |
|---|---|---|
| 882 | Second Superseding Indictment | 10277-10291 |
| 1331 | Polk Judgment of Sentence March 27, 1996 | |
| 1581 | Polk Sentencing Transcript | 6893-6896 |
| 2366 | Motion for Reduced Sentence | 17472-17484 |
| 2541 | July 20, 2022 Opinion and Order Granting § 404 Motion in Part | 20518-20519; 20528-20538 |
| 2568 | Government Sentence Modification Memorandum | 20652-20729 |
| 2571 | Dale Resentencing Transcript | 20813-20816 20836-20837 |
| 2572 | Gordon Resentencing Transcript | 20850-20853; 20868-20869 |
| 2578 | Defendant's Sentencing Memorandum | 20988-20997 |
| 2581 | Letter from Polk to Court | 21021 |
| 2583 | Opinion and Order Denying Government Motion for Reconsideration Regarding Gordon | 21037-21038 |
| 2585 | Amended Judgment of Sentence | 21045-20149 |
| 2586 | Polk Resentencing Transcript | 21050-21085 |
| n/a | Presentence Investigation Report | n/a |